UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

KENDALL E. HANSEN                                              CASE NO. 25-20416

DEBTOR                                                         CHAPTER 7

MEMORANDUM OPINION AND ORDER DENYING
CREDITOR'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

On September 24, 2025, Creditor Michael C. Andrews, M.D. filed a Motion to Extend Time to Object to Discharge. [ECF No. 42 (the "Motion").] Debtor Kendall E. Hansen filed a Response objecting to the Motion [ECF No. 43 (the "Response")] and Creditor filed a Reply. [ECF No. 47 (the "Reply").] The Court held a hearing on the Motion on October 14, 2025. [ECF No. 50.] The Motion is now ripe for disposition and is denied.

I.      FACTUAL AND PROCEDURAL BACKGROUND.

On May 16, 2025, Debtor filed his chapter 7 petition. [ECF No. 1.] On May 23, 2025, Creditor filed a proof of claim against Debtor for $500,000 based on "Defamation and Contempt of Court." [Proof of Claim 1-1 at 2.] A § 341[1] meeting of creditors was originally scheduled to occur on June 12, 2025 [ECF No. 3], and eventually was held on July 17, 2025. [ECF No. 13.] Under Rule 4004(a)(1), the deadline to object to discharge or to challenge whether certain debts are dischargeable was August 11, 2025. [ECF No. 3.] Creditor acknowledged through counsel during the October 14 hearing that he did not ask Debtor any questions during the § 341 meeting. Likewise, while other creditors took steps to conduct discovery, such as moving to conduct Rule

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Rule."

2004 examinations and to extend the time in which they could object to Debtor's discharge [*see* ECF Nos. 15, 23, 27, 28, 33, 34, 37, 40], Creditor took no such steps.

On August 8, 2025, Creditor filed a Complaint to Determine Non-Dischargeability of Debt against Debtor. [ECF No. 25 (the "Complaint"), initiating Adv. Pro. No. 25-02015.] The Complaint explains Creditor worked for Debtor until his employment was terminated on June 3, 2020, and he later sued Debtor and his related businesses in Kenton County (KY) Circuit Court, due to defamatory statements Debtor allegedly had made about Creditor after his employment was terminated. [*Id.* at 2-3.] The state court awarded a judgment in Creditor's favor against three of Debtor's businesses for $498,624.36, but the defamation claim against Debtor individually was stayed due to Debtor's bankruptcy case. [*Id.* at 3] The Complaint seeks to except a debt from Debtor's discharge pursuant to § 523(a)(6); it asserts no other causes of action. [*Id.* at 4.]

Debtor contends that, on September 8, 2025, Creditor's counsel sent his counsel a letter announcing that someone on Creditor's behalf intended to attend the Rule 2004 exam noticed by the other creditors and requested copies of the documents produced to the other creditors. [Response at 2.] Debtor states Creditor's counsel was given access to those documents on September 10. [*Id.*] After reviewing them, Creditor filed the Motion, asking to extend the time to object to Debtor's discharge pursuant to Rule 4004(b)(2). [Motion at 1.] Creditor seeks the extension because, in the state court litigation, the court "entered an order expressly prohibiting the defendants from dissipating their assets outside of ordinary business expenses." [*Id.*][2] Creditor asserts these new documents show that Debtor violated the state court's order "by selling equipment in December 2023 valued at approximately $191,375.00." [*Id.* at 2.] Creditor argues this sale "constitutes potential grounds for denial of discharge under 11 U.S.C. § 727(a),

---

[2] This order is not in the record.

2

including concealment of assets, intent to hinder or defraud creditors, and violation of a court order[,]" and therefore seeks an extension of time to object to Debtor's discharge. [*Id.*]

Debtor's Response contends Creditor is not entitled to an extension because he failed to exercise any diligence in conducting discovery before the objection deadline expired and Creditor has failed to allege any facts in the Motion to support a § 727(d) claim. [Response at 2-4.] Creditor's Reply asserts that Debtor's concealment of the December 2023 sale made earlier discovery impossible, the Motion states a claim under § 727(d), and Debtor should not be allowed to benefit from his fraud and violation of the state court's order. [Reply at 1-3.]

## II.    ANALYSIS.

An objection to a discharge must be filed within 60 days "after the first date set for the § 341(a) meeting of creditors." FED. R. BANKR. P. 4004(a). Under Rule 4004(b), a motion for an extension of time to object to a discharge may be filed before or after the deadline to object has expired. The Motion was filed after the deadline to object expired, therefore, Rule 4004(b)(2) governs. It states:

> After the time to object has expired and before a discharge is granted, a party in interest may file a motion to extend the time if:
> (A) the objection is based on facts that, if learned after the discharge is granted, would provide a basis for revocation under § 727(d);
> (B) the movant did not know those facts in time to object; and
> (C) the movant files the motion promptly after learning about them.

FED. R. BANKR. P. 4004(b)(2).

"Because discharge is the most important element of a debtor's 'fresh start,' a debtor has an interest in the prompt resolution of discharge issues." *McDermott v. St. George (In re St. George)*, No. 16-8017, 2017 WL 1379321, at *4 (B.A.P. 6th Cir. Apr. 17, 2017). Consequently, the exception to allow a motion for an extension of time after the deadline to object to a discharge is a narrow one. *See Nolan v. Nolan (In re Nolan)*, No. 23-31595, 2025 WL 1812391, at *3 (Bankr. N.D. Ohio July 1, 2025). "Moreover, '[k]nowledge of the deadline coupled with

3

the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion.'" *St. George*, 2017 WL 1379321, at *4 (alteration in original) (quoting *In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003)); *see also In re Bressler*, 601 B.R. 318, 330 (Bankr. S.D.N.Y. 2019) ("[S]ome courts have held implicit in Rule 4004(b)(2) 'is the requirement that a party seeking relief by asserting that it first learned of the debtor's fraud during the gap period, demonstrate some degree of diligence in investigating the debtor's financial affairs prior to the expiration of the deadline for objecting to discharge[.]'") (quoting *421 Chestnut Partners, LP, et al. v. Aloia (In re Aloia)*, 496 B.R. 366, 385 (Bankr. E.D. Pa. 2013)); *In re Pressman*, No. 23-10259, 2023 WL 5655488, at *3 (Bankr. S.D.N.Y. Aug. 31, 2023) ("If the lack of pre-deadline diligence in pursuing available facts supports the denial of a *timely* request for an extension [under Rule 4004(b)(1)], then plainly that same lack of pre-deadline diligence in pursuing available facts must be grounds for denial of a motion for an extension that is not filed until *after* the deadline has already expired [under Rule 4004(b)(2)].").

Here, the parties primarily disagree over whether Creditor exercised due diligence before filing the Motion and thus whether Creditor knew, or more aptly should have known, the facts supporting his proposed objection. Debtor maintains that Creditor did not diligently conduct discovery before the objection deadline because he did not move to conduct a Rule 2004 exam or request any discovery materials before September 8, 2025. [Response at 3.] Creditor, however, avers that Debtor's concealment of the December 2023 sale would have made any earlier discovery useless, that the § 341 meeting was not the proper proceeding to question Debtor on this transaction, and that Creditor had no reason to suspect that Debtor "would blatantly violate a state court order by transferring assets through non-debtor entities while seeking the protection of the Bankruptcy Court." [Reply at 2.] Creditor therefore asserts that Debtor's conduct

4

constitutes active concealment and fraud, placing this dispute outside the normal diligence analysis for a Rule 4004(b)(2) motion. [*Id.* at 3.]

Creditor has presented no evidence of either Debtor's active concealment of the December 2023 sale or of his own diligence to satisfy Rule 4002(b)(2)(B). It is undisputed (a) Creditor did not conduct any discovery prior to the August 11, 2025 objection deadline, and (b) Creditor first requested the information sent to other diligent creditors nearly a month later on September 8, 2025. Further, Creditor's counsel acknowledged that he did not ask Debtor any questions at the § 341 meeting. While questioning on this topic may or may not have been appropriate for the § 341 meeting, asking no questions of Debtor at all suggests a lack of diligence and proactiveness on Creditor's part.

Moreover, Creditor received information on the December 2023 sale from the documents Debtor provided to the other creditors who conducted timely discovery. It thus stands to reason that Creditor also would have received this information had he requested documents from Debtor before the objection deadline and thus could have pursued a timely § 727(a) claim. In other words, had Creditor diligently conducted discovery before the deadline, he would have learned about the sale in time to file his objection. Creditor had an obligation to act diligently prior to August 11, 2025. He did not and because Creditor has not demonstrated any unusual circumstances to justify his lack of diligence, he cannot satisfy the requirements of Rule 4004(b)(2)(B).

Even if the Court were to find that Creditor has satisfied Rule 4004(b)(2)(B), Creditor has not shown that "the objection is based on facts that, if learned after the discharge is granted, would provide a basis for revocation under § 727(d)." FED. R. BANKR. P. 4004(b)(2)(A). Creditor contends that Debtor's conduct falls under § 727(d)(1), which allows for revocation of a discharge "obtained through the fraud of the debtor, and the requesting party did not know of

5

such fraud until after the granting of such discharge[].]" 11 U.S.C. § 727(d)(1). But, as stated above, Creditor has not met his burden to show that Debtor has committed any fraud. Indeed, Creditor has offered no evidence concerning the circumstances surrounding the December 2023 sale, nor did he tender the state court's order that Debtor supposedly violated. Further, Creditor discovered this sale through an examination of the documents Debtor provided to the other creditors. Thus, it appears that Debtor freely and openly provided this information when requested and did not attempt to hide this transaction from Creditor or the Court.

Simply put, Creditor's failure to conduct timely discovery cannot be used to accuse Debtor of fraud, especially considering the high burden that must be met to revoke a discharge under § 727(d)(1). *See Yoppolo v. Sayre (In re Sayre)*, 321 B.R. 424, 427 (Bankr. N.D. Ohio 2004) ("The fraud contemplated by § 727(d)(1) is that of 'fraud in fact'—that is, an act involving an intentional wrong—as opposed to implied fraud."); *see also Bressler*, 601 B.R. at 337 ("But for a discharge to be revoked under section 727(d)(1), and therefore for an extension to be granted under Rule 4004(b)(2), fraudulent intent must be present."); *Buckeye Retirement Co., LLC v. Heil (In re Heil)*, 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003) ("Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation."). Therefore, based on the record, Creditor has not established that his objection is based on facts that would justify a revocation of Debtor's discharge under § 727(d).

### III.    CONCLUSION.

Because Creditor has failed to prove that he has satisfied the requirements set out under Rule 4004(b)(2), and for the foregoing reasons, Creditor's Motion to Extend Time to Object to Discharge [ECF No. 42] is DENIED.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L Lutz*
**Bankruptcy Judge**
**Dated: Thursday, October 23, 2025**
(dll)